# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DION A. MORWOOD,

      Appellant,

    v.

DEPARTMENT OF JUSTICE,

      Agency,

    and

DIRECTOR OF THE OFFICE OF
   PERSONNEL MANAGEMENT,

      Intervenor.

DOCKET NUMBER
SF-4324-25-0710-I-1

DATE:  May 11, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dion A. Morwood, North Las Vegas, Nevada, pro se.

Robert Ley, Esquire, and Peter Chickris, Esquire, Falls Church, Virginia,
   for the agency.

Lourdes M Guillaume, Esquire, New York, New York, for the agency.

Deion Allen Kathawa, Esquire, P. Alexander Ehler, Esquire, and
   Jordan Lee Perkins, Esquire, Washington, D.C., for the intervenor.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) for lack of jurisdiction without holding a hearing. After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We VACATE the administrative judge's finding that the appellant did not make a nonfrivolous allegation that his separation falls within the Board's USERRA jurisdiction, and we DISMISS the appeal for lack of jurisdiction because the Attorney General's exercise of constitutional Article II removal authority in relation to this appellant—whom we determine, based on his duties, is an inferior officer who exercises significant adjudicative and policymaking authorities on behalf of the United States—abrogates otherwise-applicable statutory removal protections and deprives the Board of jurisdiction.

**DISCUSSION OF ARGUMENTS ON REVIEW**

On December 29, 2024, the agency hired the appellant, a preference eligible, in a temporary appointment, not to exceed December 28, 2026, to the excepted-service position of Immigration Judge. Initial Appeal File (IAF), Tab 9 at 30. On February 14, 2025, the agency terminated his employment, effective immediately. *Id.* at 23-24. The appellant filed this appeal asserting that his separation was discriminatory based on his military service, in violation of USERRA. In an initial decision, the administrative judge found that the appellant did not make a nonfrivolous allegation of USERRA jurisdiction over his termination. IAF, Tab 21, Initial Decision (ID) at 5-8. He further held that the Board lacks USERRA jurisdiction over an alleged denial of severance pay because the appellant did not make a nonfrivolous allegation that such denial was based on his military service. ID at 8-9. He dismissed the USERRA appeal for

lack of jurisdiction.  ID at 9.  The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply.  Petition for Review (PFR) File, Tabs 1, 3-4.

After the initial decision was issued, the Board issued a precedential decision in *Jackler and Jaroch Consolidation v. Department of Justice*, 2026 MSPB 3.  There, the Board held that it lacks authority to review the Attorney General's exercise of Article II authority to remove certain inferior officers, including Immigration Judges.  *Id.*, ¶¶ 21-31.  Thus, it concluded that Immigration Judges are removable at will and the Constitution prohibits the Board from reviewing any aspect of their removals.  *Id.*, ¶¶ 24-25, 30.  The appellant here held a materially identical position to those analyzed in *Jackler and Jaroch.*[2]  *Id.*, ¶¶ 3-4.  Thus, we find that the result must be the same, and the Board lacks jurisdiction over the appellant's claim that the agency violated USERRA by terminating his appointment.[3]  Because we find that dismissal is warranted for lack of jurisdiction, we deny the agency's motion to submit an additional pleading on review.  PFR File, Tab 6.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).

---

[2] Although the appellants in *Jackler and Jaroch* held the position of Assistant Chief Immigration Judge, the Board analyzed the statutory functions of the Immigration Judge position generally.  2026 MSPB 3, ¶¶ 2-4 (discussing 8 U.S.C. § 1229a).  Thus, we find no basis to distinguish *Jackler and Jaroch* based on the position held by the appellant.

[3] To the extent the Board is permitted to review the appellant's claim that the agency purportedly denied him severance pay in violation of USERRA, we agree with the administrative judge that he has not alleged sufficient facts to make a nonfrivolous allegation.  ID at 8-9.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.